PONDER, Judge.
Plaintiff, Tiger Island Fuel Service, Inc., appealed from the dismissal of its suit for damages resulting from the collapse of its scales while weighing the loaded trailer and tractor belonging to defendant, General Oilfield Trucking, Inc. The other defendant is the insurer.
Appellant lists its specifications of errors as failure to give proper weight to circumstantial evidence and failure to shift burden of proof once plaintiff had presented a pri-ma facie case, leading to the judgment being contrary to the law and evidence.
We affirm.
The customer who engaged General Oilfield Trucking to haul an offshore mud tank to a salvage yard for sale asked that the load be weighed. The driver went to the public scales operated by plaintiff where he had weighed loads before, sometimes even operating the scales himself. Because of the size and weight of the load, two cranes were used to load. Also, the entire tractor, trailer and load could not be weighed at one time. Instead, the tractor would be first placed on the scales platform and a reading taken. Then without the rig being uncoupled, the trailer would be placed on the platform and a second reading taken. The two readings would be combined. However, when the trailer was placed on the platform, the scales collapsed.
Plaintiff complained that defendant’s employees should not have placed on the scales the load, greatly in excess of the 100,000 pound limit of the scales, known by the employee and also known generally. Plaintiff asserted that defendant’s owner had admitted responsibility.
Defendant, however, adduced proof that the one time sign had been painted over about sixty days before the accident, when the weigh house had been remodeled. The driver denied both that he had even seen the limit sign and that he knew of the limitation. He correctly pointed out, too, it is quite possible to weigh loads well over 100,000 pounds by weighing tractor and trailer portions separately and combining the figures. He also denied knowledge that his load was grossly in excess of the limit.
The trial court dismissed the suit, pointing out that plaintiff had not proved that the collapse of the scales was caused by defendant’s fault since there was no proof that the weight on the scales at any time exceeded 100,000 pounds.
Appellant complains of the court’s failure to conclude that the load was over the limit because the rig alone weighed 50,000 pounds, because the defendant had secured an overweight permit for the load and because of the other circumstances.
However, none of these lead logically and inevitably to the conclusion desired by plaintiff. For example, even if the total load were over 100,000 pounds, the method of weighing divided the loads into parts that quite likely were well within the limit. Because plaintiff did not prove the elements of its case, we do not reach the argument as to the necessity of rebuttal of a prima facie case.
We find no error. The court’s conclusions are supported by the record and we agree with them.
The judgment is affirmed at appellant’s costs.
AFFIRMED.